**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 25, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRIS ROBINETTE,

       Plaintiff - Appellant,

    v.

ASPEN SKIING COMPANY, L.L.C., a
Colorado limited liability company.

       Defendant - Appellee.

No. 09-1223
(D. Ct. No. 1:08-CV-00052-MSK-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **ALARCÓN**,[**] and **TYMKOVICH**, Circuit Judges.

---

Plaintiff-appellant Chris Robinette brought this action against Aspen Skiing

Company, L.L.C. ("Aspen") seeking damages for injuries he sustained in a snowboarding

accident involving a snowmobile that was operated by an Aspen employee. The district

court granted Aspen's motion for summary judgment because Mr. Robinette had entered

into an exculpatory agreement with Aspen and had assumed "all risks of skiing/riding."

Mr. Robinette now appeals the district court's grant of summary judgment, contending

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]The Honorable Arthur L. Alarcón, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

that the exculpatory agreement is unenforceable because: (1) it purports to cover reckless conduct; (2) it violates public policy; and (3) its terms are unclear and ambiguous.

Mr. Robinette did not raise a claim of recklessness in the district court; therefore, he cannot do so on appeal absent extraordinary circumstances not present here. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002). Furthermore, our review of the record, the parties' appellate materials, and the relevant legal authority compels us to agree with the decision reached by the district court on Mr. Robinette's remaining claims. Accordingly, for the reasons articulated by the district court in its order dated April 23, 2009, we AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge